IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| JLT SPECIALTY INSURANCE SERVICES, INC., | Case No. 19-cv-02427-MMC |
|---|---|
| Plaintiff, | **ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER; SETTING BRIEFING SCHEDULE ON MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| GARY PESTANA, et al., | Re: Dkt. No. 9 |
| Defendants. | |

Before the Court is plaintiff's Application for Temporary Restraining Order ("Application"), filed May 12, 2019.

On May 14, 2019, the Court held a telephone conference regarding scheduling a hearing on the Application and on a motion for a preliminary injunction. During the conference, the Court inquired as to whether the parties might be able to agree on an appropriate schedule and, in lieu of a temporary restraining order, a stipulation as to limitations on defendants' use of information acquired during their employment with plaintiff. The parties agreed to meet and confer in an effort to reach an agreement and were directed to file, no later than May 17, 2019, a joint status report apprising the Court of any such agreement, as well as any matters as to which they were unable to arrive at an agreement, but without arguing their respective positions.

Subsequently, the parties submitted a series of letter briefs, which are neither in accordance with the Civil Local Rules of this District as to form, see Civil L.R. 3-4, nor in accordance with the Court's directive as to content. Consequently, the Court has not

considered the arguments made in the above-referenced letters.[1]

Independent of such submissions, however, it is clear from the Application and declarations filed in support thereof that, although plaintiff (1) no later than March 27, 2019, was aware that all four defendants had left their employment with plaintiff to work for a direct competitor, NFP Property & Casualty Services, Inc. ("NFP") and that five of plaintiff's customers had followed those defendants to NFP (see Nallen Decl. ¶¶ 12, 20, 27, 34, 52-55), and (2) by April 3, 2019, had "strong reasons to believe" said defendants had misappropriated plaintiff's confidential information (see Weber Decl., Ex. A), plaintiff did not file the instant Application until almost six weeks thereafter.

In light of the above, the Court finds plaintiff has not shown an "immediate threatened injury" exists in the absence of a temporary restraining order, see Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988); see also Windmere Holdings, LLC, v. U.S. Wall Décor, LLC, 2011 WL 133023, at *2, *4 (N.D. Cal. Jan. 14, 2011) (denying application for temporary restraining order (citing Carribean Marine, 844 F.2d at 674)), and, under such circumstances, finds it more appropriate to hear the matter at a time when both parties have had the opportunity to fully and appropriately brief the matter.

Accordingly, the Application is hereby DENIED and the Court sets the following briefing schedule on a motion for a preliminary injunction:[2]

---

[1] Although, following the telephone conference, the Court accepted for filing a letter by which defense counsel corrected a statement he had made at the telephone conference regarding property returned by defendant to plaintiff, the Court did not intend, nor should the parties have interpreted, such courtesy as a waiver of the Civil Local Rules of this District.

[2] From the above-described separately submitted letters, the Court understands the parties have agreed to the below dates, as well as to dates for the filing of deposition designations and counter-designations, the last of which to be filed a week prior to the hearing. For the parties to meaningfully address and the Court to fully consider their probative value, however, any such deposition excerpts must be filed in conjunction with, respectively, the opposition and reply. Consequently, the Court declines to accept the parties' agreement as to a later filing. If the parties are concerned that the transcripts cannot be prepared by June 24, 2019, they may wish to a file a stipulation and proposed

2

1. Defendants' opposition shall be filed no later than June 24, 2019.

2. Plaintiff's reply shall be filed no later than July 5, 2019.

3. The matter will be heard on July 19, 2019, at 9:00 a.m.[3]

**IT IS SO ORDERED.**

Dated: May 24, 2019

MAXINE M. CHESNEY
United States District Judge

---

order as to a revised briefing schedule.

[3] To the extent the parties have reached agreement as to a schedule for expedited discovery or any other matters, the parties shall file, no later than May 31, 2019, a stipulation and proposed order setting forth the terms of any such agreement.

3