

**Sean E. O'Donnell**
**Partner**
Phone: 212.592.1545
Fax: 212.545.3410
sodonnell@herrick.com

May 21, 2019

VIA EMAIL

The Honorable Maxine M. Chesney
Philip Burton Federal Building
& United States Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

Re:  *JLT Specialty Insurance Services, Inc. v. Gary Pestana et al.*, 3:19-cv-2427

Your Honor:

On behalf of Defendants, we respectfully submit this brief reply to Plaintiff's letter of yesterday.

Defendants Are Unwilling to Stipulate to a TRO.  First, as we stated during oral argument and during our negotiations with Plaintiff's counsel, Defendants are unwilling to stipulate to a Temporary Restraining Order.

Plaintiff has Failed to Prove the Existence of a Contract.  Plaintiff has failed to prove the existence of a "confidentiality agreement," or a "return agreement."  The employee handbook Plaintiff sues upon states: "The Employee Handbook is not a contract."  Nallen Aff., Ex. A at page 1 of the Handbook.  And Plaintiff has yet to provide the Court or Defendants with a copy of the alleged "return agreement."

Plaintiff has Failed to Show Defendants Misappropriated Trade Secrets.  Likewise, there has been no showing that Defendants misappropriated trade secrets.  As Plaintiff's counsel conceded during our May 14th conference call with the Court, Plaintiff's repeated allegations that Defendants "accessed" documents means that they "opened" the documents, not that they downloaded anything.

Defendants Offer No Explanation for Their Delay.  Plaintiff still offers no explanation for its unexplained delay in seeking "emergency" injunctive relief.  Virtually all of Defendants' alleged "unlawful conduct" took place in March.  *See* Plaintiff's Br. at 7-10.  In yesterday's letter to the Court, Plaintiff claims a customer departed JLT for NFP "last week," but there was no mention of this departure during our May 14 call, or in any of our subsequent discussions, until Plaintiff's letter to the Court.  Nor is there any affidavit or other admissible evidence even remotely suggesting that this departure occurred because of Defendants' wrongful use of JLT's trade secrets.



<u>Whyte v. Schlage Lock Co. is Inapposite</u>.  The holding in *Whyte* does not support Plaintiff's proposed TRO.  Here, Plaintiff seeks to enjoin Defendants from the "use" of a broad range of categories including:

> (1) it's [sic] customer's and prospective customer's names; (2) it's [sic] customer's and prospective customer's contact information; (3) the types of insurance/insurance products *JLT provided to its customers*; the premiums for the insurance/insurance products *JLT provided to its customers*; (4) the amounts of insurance coverage JLT provided to its customers; and (5) the expiration/renewal dates for the insurance/insurance products JLT *provided to its customers*.

*See* Ex. A to Plaintiff's letter of yesterday (emphasis added).  Virtually all of these categories are missing from the trade secret categories considered by the court in *Whyte*.  *See Whyte*, 101 Cal. App. 4th 1443, 1452 (2002).  Moreover, in *Whyte*, the court noted the absence of a secrecy agreement with a key customer and concluded that "any information (such as price concessions, trade discounts and rebate incentives) disclosed to . . . customers cannot be considered trade secret or confidential for purposes of this appeal."  *Id*. at 1455.  Here, too, there is no evidence (or even a contention) of a secrecy agreement between Plaintiff and its customers respecting the alleged trade secrets "*JLT provided to its customers*."  Lastly, as in *Whyte*, there is no showing that Defendants misappropriated anything.  At best, JLT's computer forensics expert has shown that a single file was copied, namely Gary Pestana's "My Contacts" file.  This in no way supports Plaintiff's TRO application, which is nothing more than an attempt to enforce the "inevitable disclosure doctrine," properly rejected by the court in *Whyte*.  *Id*. at 1454.

<u>The Certification is a Proposed Compromise and Obviates the Need for a TRO</u>.  Finally, Defendants' offer to issue the proposed Certification was a proposed compromise to dispose of Plaintiff's entire TRO application.  It was not agreed to in piecemeal.  Again, by the Certification, each Defendant will affirm that he or she (1) has returned all of JLT's documents (including electronic copies) containing such "confidential, proprietary or trade secret information," (2) does not have any such documents or property, and (3) if he or she becomes aware of having any such documents or property, he or she will promptly return it to JLT.  This should be more than sufficient to protect JLT's interest pending the preliminary injunction hearing.

Respectfully submitted,

*/s/ Sean E. O'Donnell*
Sean E. O'Donnell


cc:     All Counsel of Record (via Email)