1  BENJAMIN A. EMMERT (SBN 212157)
   LITTLER MENDELSON, P.C.
2  50 West San Fernando Street, 7th Floor
   San Jose, CA  95113-2303
3  Telephone:     (408) 998-4150
   Fax No.:       (408) 288-5686
4  Email:         bemmert@littler.com

5

6  DOUGLAS A. WICKHAM (SBN 127268)
   HELEN BRAGINSKY (SBN 282359(
   LITTLER MENDELSON, P.C.
7  633 West Fifth Street, 63rd Floor
   Los Angeles, CA  90071-3541
8  Telephone:     (213) 343-4300
   Fax No.:       (213) 443-4299
9  Email:         dwickham@littler.com
                  hbradinsky@littler.com
10

11 Attorneys for Plaintiff
   JLT SPECIALTY INSURANCE
   SERVICES INC.
12

SEAN E. O'DONNELL (SBN 2907186)
PATRICK M. JOHNSON (SBN 5419221)
DANIEL A. FIELD (SBN 5533526)
HERRICK, FEINSTEIN LLP
Two Park Avenue
New York, NY 10016
Telephone: (212) 592-1581
Email: sodonnell@herrick.com
       pjohnson@herrick.com
       dfield@herrick.com
Appearances *pro hac vice*

STEVEN L. FRIEDLANDER (SBN 154146)
JULIAN PARDO DE ZELA (SBN 246496)
TATYANA SHMYGOL (SBN 267104)
SV EMPLOYMENT LAW FIRM PC
160 Bovet Road, Suite 401
San Mateo, CA  94402
Telephone:     (650) 265-0222
Facsimile:     (650) 265-0223
Email:         sfriedlander@svelf.com
               julian.pardo.de.zela@svelf.com
               tshmygol@svelf.com

Attorneys for Defendants
GARY PESTANA, SARAH SHERMAN.
DUSTIN SMITH and RAMY MORCOS

13

14

15

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

                       SAN FRANCISCO DIVISION
18

19 JLT SPECIALTY INSURANCE              CASE NO. 3:19-cv-02427
   SERVICES INC., a Delaware
20 corporation,                         **JOINT CASE MANAGEMENT
                                        CONFERENCE STATEMENT**
21                Plaintiff,
                                        CMC Date:  August 2, 2019
22      v.                              Time:   10:30 a.m.
                                        Courtroom: 7 (19th Floor)
23 GARY PESTANA, an individual;         Judge: Hon. Maxine M. Chesney
   SARAH SHERMAN, an individual;
24 DUSTIN SMITH, an individual; and
   RAMY MORCOS, an individual,
25
                  Defendants.
26

27

28

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113.2303
408.998.4150

                                              CASE NO. 3:19-cv-02427
        JOINT CASE MANAGEMENT CONF. STATEMENT

Counsel for Plaintiff and counsel for Defendants have met and conferred and prepared the following joint report pursuant to FCRP 26. A Scheduling Conference has been set in this matter for August 9, 2019 at 10:30 a.m. in Courtroom No. 7 (19th Floor) of the above-entitled Court.

**1.   JURISDICTION AND SERVICE**

This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 as Plaintiff has brought a claim for relief under the federal Defend Trade Secrets Act ("DTSA"). See 18 U.S.C. § 1836 *et seq.* This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. This Court also has jurisdiction over this matter on the basis of diversity between the parties pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446 as this case is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

The parties are unaware of any service of process, personal jurisdiction or venue issues at this time. All parties have been served. Defendants' deadline to respond to JLT's Complaint has been stayed pending resolution of Plaintiff's motion for preliminary injunction. (See DKT No. 43, § 2.C.) The hearing on JLT's motion for preliminary injunction has been currently vacated, pending resolution of various discovery disputes regarding discovery pertinent to Plaintiff's motion for preliminary injunction. (See DKT No. 47.)

**2.   SUMMARY OF PROCEDURAL STATUS OF ACTION/SUMMARY OF FACTUAL PLAINTIFF'S FACTUAL ALLEGATIONS AND DEFENDANTS' RESPONSE.**

**A.   Summary Of Factual Allegations And Defendants' Response**

**1.   Plaintiff's Allegations.**

JLT is a leading provider of insurance, reinsurance, employee benefits advice and brokerage services. Defendants are former JLT employees. Defendant Gary Pestana was an Executive Vice President and Practice Leader of JLT's Real Estate Practice group from about August 2015 until he voluntarily resigned on about March 21, 2019. Defendant Sarah Sherman worked for JLT from about October 2015 until she voluntarily resigned on about March 20, 2019. At the time she resigned, she worked for JLT as an Executive Vice President and Practice Leader of JLT's Property & Casualty Practice group. Defendant Dustin Smith worked for JLT as a Senior Vice President in its Real Estate Practice group from about January 2016 to about March 21, 2019. Defendant Ramy Morcos worked

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

1.

CASE NO. 3:19-cv-02427

JOINT CASE MANAGEMENT CONF. STATEMENT

for JLT as a Vice President in its Real Estate Practice group from about November 2015 to about March 26, 2019.  All four Defendants left JLT to join its direct competitor, NFP Property & Casualty Services, Inc.

At all times during their employment, Defendants agreed to and were bound by confidentiality agreements that prohibited them from using JLT's confidential, proprietary, and/or trade secret information for any purpose other than in performing their job duties for JLT and required they return all of JLT's property on the termination of their employment.

Following their resignations, JLT performed an inspection of Defendants' JLT issued computers and discovered Defendant Pestana had a lunch meeting with one or more NFP representatives on about March 2, 2019.  Following this meeting, or before, JLT believes Defendants all agreed to resign *en masse* and start working for NFP.  Shortly before they resigned, Defendants Pestana, Sherman, and Marcos connected several unique electronic storage devices to their JLT issued computers and downloaded JLT's confidential, proprietary, and/or trade secret information onto the devices.  Defendants were not authorized to do so.  Defendants also breached their obligations to return JLT's property on the termination of their employment.

### 2. Defendants' Response.

First, JLT has initiated this action alleging Defendants misappropriated JLT's trade secrets without identifying any such trade secrets with reasonable particularity. Defendants can only guess as to which trade secrets JLT claims have been misappropriated. In any event, Defendants generally deny misappropriating JLT's trade secrets or using such information to unfairly compete with JLT.

Second, Plaintiff's First and Second Claims for Relief are breach of contract claims based upon Plaintiff's Employee Handbook—which states expressly, at page 1, that it is "not a contract." And there is no "Stand-Alone Return Agreement" as referenced in Plaintiff's Fourth Claim for Relief. While Defendants have each signed a "Non-Solicitation and Confidentiality Agreement" (each a "Confidentiality Agreement"), contrary to JLT's assertions, the Confidentiality Agreement only requires that the Defendants return JLT documents that "comprise or refer to" JLT's confidential and/or trade secret information upon termination of employment. As explained above, JLT has failed

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113.2303
408.998.4150

2.

CASE NO. 3:19-cv-02427

JOINT CASE MANAGEMENT CONF. STATEMENT

to adequately identify its trade secrets at issue in this action, and by extension, documents required to be returned. Notwithstanding this failure, prior to the filing of the instant action, Defendants returned a significant number of documents to JLT (regardless of whether such documents contained JLT's confidential and/or trade secret information), and have since provided JLT with additional documents in discovery.

Finally, Defendants deny that JLT has been damaged by any of Defendants' alleged misconduct. The former JLT customers identified in the Amended Complaint intended to cease being a JLT customer as a result of the recently announced acquisition of JLT by Marsh & McLennan Companies ("Marsh"). In fact, many such customers previously followed Defendants from Marsh to JLT. As such, while Defendants vigorously deny misappropriating JLT's trade secrets or violating their contractual obligations, JLT cannot demonstrate that they have been harmed by Defendants.

### 3.     DISPUTED FACTUAL AND LEGAL ISSUES

The principal legal and factual disputes in this case are:

• Whether JLT's Employee Handbook constitutes an enforceable contract and, if so, (i) whether Defendants' breached their contractual obligations thereunder by using, revealing, or divulging any of Plaintiff's confidential, proprietary, and/or trade secret information to any person not authorized by JLT to receive such information, and (ii) whether JLT is entitled to any relief for any proven breach.

• Whether JLT's Employee Handbook constitutes an enforceable contract and, if so, (i) whether Defendants' breached their contractual obligations thereunder by allegedly failing to return all of JLT's property on the termination of their employment, and (ii) whether JLT is entitled to any relief for any proven breach.

• Whether any of the Defendants: (i) breached their contractual obligations as provided in their respective Confidentiality Agreement by allegedly using, revealing, or divulging any of Plaintiff's confidential, proprietary, and/or trade secret information to any person not authorized by JLT to receive such information, and (ii) whether JLT is entitled to any relief for any proven breach.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

3.                                                            CASE NO. 3:19-cv-02427

JOINT CASE MANAGEMENT CONF. STATEMENT

1    •    Whether any of the Defendants: (i) breached their contractual obligations as
2  provided in the respective Confidentiality Agreement by failing to return all of JLT's property on the
3  termination of their employment, and (ii) whether JLT is entitled to any relief for any proven breach.

4    •    Whether any of the Defendants (i) misappropriated JLT's trade secret
5  information in violation of California's Uniform Trade Secrets Act ("CUTSA"), and (ii) whether JLT
6  is entitled to any relief for a proven violation of the CUTSA.

7    •    Whether any of the Defendants (i) misappropriated JLT's trade secret
8  information in violation of the DTSA, and (ii) whether JLT is entitled to any relief for a proven
9  violation of the DTSA.

10    •    Whether any of the Defendants (i) violated California Penal Code section 502,
11  and (ii) whether JLT is entitled to any relief for a proven violation of this statute.

12   **4.    MOTIONS**

13          JLT's TRO application was denied. JLT's motion for preliminary injunction is
14  currently pending before the Court.  The hearing on JLT's motion for preliminary injunction has been
15  vacated due to pending discovery disputes concerning issues pertinent to JLT's preliminary injunction
16  motion.  (See DKT No. 47.)  On July 2, 2019, the parties met and conferred concerning discovery
17  disputes and failed to reach a resolution of the disputes. Thereafter, the parties filed a joint stipulation
18  informing the Court that they anticipated filing motions to compel and requesting a referral to a
19  Magistrate Judge for resolution of the parties' discovery disputes. (*See* DKT No. 46). On July 10,
20  2019, the Court denied the parties' request for referral to a Magistrate Judge as premature, and
21  informed the parties that, upon the filing of a discovery motion, the Court would refer the dispute to a
22  Magistrate Judge if necessary. (*See* DKT No. 47). One week later, on July 17, 2019, Defendants filed
23  their Motion to Compel and for a Protective Order, with a proposed hearing date of September 6, 2019.
24  (*See* DKT No. 50.) On July 18, 2019, the Court issued an order (i) referring Defendants' Motion to
25  Compel and for a Protective Order, as well as all further discovery disputes between parties, to a
26  Magistrate Judge, and (ii) vacating the September 6, 2019 hearing date. (*See* DKT No. 51.) Plaintiff
27  has advised Defendants that it also plans to bring a motion to compel certain discovery responses

28

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113.2303
408.998.4150

4.                                    CASE NO. 3:19-cv-02427

JOINT CASE MANAGEMENT CONF. STATEMENT

and/or production of documents from Defendants. The outstanding discovery issues remain unresolved.

**5.    AMENDMENT OF PLEADINGS**

Defendants' response to the Amended Complaint has been stayed pending resolution of Plaintiff's motion for preliminary injunction. Plaintiff has no current or expected amendments to the pleadings at this time. Plaintiff may request leave to amend its Complaint should it believe further investigation/discovery reveals facts that warrant adding additional claims/allegations of wrongdoing. Defendants reserve their right to oppose any request by Plaintiff to further amend its Complaint.

**6.    EVIDENCE PRESERVATION**

The Parties have made efforts to preserve both electronic and other evidence, including putting a destruction hold on potentially relevant electronic and other information and documents.

**7.    DISCLOSURES**

Two weeks after the parties' Rule 26 conference, Defendants made their initial disclosures on July 26, 2019. Plaintiff made its initial disclosures on August 2, 2019.

**8.    DISCOVERY**

a.    Plaintiff's Statement

The Parties have agreed to and are engaging in limited initial discovery as part of JLT's motion for preliminary injunction. (See DKT No. 43.) During the Parties' Rule 26 conference, the Parties agreed that until JLT's motion for preliminary injunction is heard, the discovery should be limited to the scope of the initial discovery. During the Parties' Rule 26 conference, the Parties agreed to develop a further discovery plan once the hearing on the motion for preliminary injunction is heard.

b.    Defendants' Statement.

The Parties are engaging in limited expedited discovery as part of JLT's motion for preliminary injunction. (See DKT No. 43.) During the Parties' Rule 26 conference, Defendants asked that the Parties develop a further discovery plan. Plaintiff has taken the position that there should be no discovery beyond what already has been agreed to, until the motion for preliminary injunction has been resolved.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

5.                                    CASE NO. 3:19-cv-02427

JOINT CASE MANAGEMENT CONF. STATEMENT

1    **9.    CLASS ACTION**

2          This is not a class action.

3    **10.    RELATED CASES**

4          JLT filed a lawsuit against NFP Property and Casualty Services, Inc. in the United

5    States District Court for the Southern District of New York, Case No. 7:19-cv-03921-KMK.  NFP is

6    a New York corporation.  The gravamen of JLT's complaint is that NFP unlawfully raided 13 of its

7    employees and by doing so tortuously interfered with existing and prospective business relationships

8    with its customers, tortuously interfered with its contractual relationships with its employees, engaged

9    in unfair competition, and misappropriated NFP's trade secret information.

10          JLT maintains that the New York case is separate and distinct and not related to this

11   action because it is based on NFP's wrongdoing, which is separate and distinct from Defendants'

12   actions in this matter.

13          Defendants contend that the New York action is related to this case. When the New

14   York action was filed, 10 of the 13 employees subject to the alleged "raid" were residents of California

15   (and four of those employees are the Defendants in this action).  The New York action involves

16   allegations of misconduct that are substantially similar to the allegations in this action (including

17   allegations relating to the Defendants in this action).  JLT has sought extensive discovery in this action

18   concerning NFP.  And the New York action involves the same purported "contracts" as the ones at

19   issue in this case.  Given the inextricable links between the New York action and this action, NFP has

20   sought a pre-motion conference in the New York Action regarding NFP's anticipated motion to

21   transfer the New York Action to this Court and, in the alternative, dismiss the Complaint in the New

22   York Action.  The pre-motion conference is scheduled for October 3, 2019, before the Hon. Kenneth

23   C. Karas of the United States District Court in the Southern District of New York.

24   **11.    RELIEF**

25          JLT's prayer for relief is contained on page 28 of its First Amended Complaint.  JLT

26   is seeking preliminary/permanent injunctive relief, compensatory damages (currently estimated to be

27   approximately $200,000), attorneys' fees, litigation costs, and interest.  Defendants have not filed an

28

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113.2303
408.998.4150

6.                    CASE NO. 3:19-cv-02427

JOINT CASE MANAGEMENT CONF. STATEMENT

1 | answer or counterclaim and are therefore not seeking any affirmative relief from the Court at this time,

2 | but reserve their rights to do so.

3 | **12.     SETTLEMENT AND ADR**

4 | Plaintiff's Position.  While JLT is interested in attempting to informally resolve this

5 | matter without the need for further litigation, it does not believe any alternative dispute resolution

6 | procedure would be productive at this stage in the litigation.  JLT believes this case would be in a

7 | more suitable position for alternative dispute resolution once Defendants respond to its Complaint.

8 | Defendants' Position.  Defendants are willing to explore mediation, but Plaintiff will

9 | not do so until after its preliminary injunction motion is decided.

10 | **13.     CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

11 | The matter has been assigned to the Honorable U.S. District Court Judge Hon. Maxine

12 | M. Chesney.  Defendants' Motion to Compel Discovery and for a Protective Order, and any other

13 | discovery disputes, have been assigned to Magistrate Jude Kandis A. Westmore.   Plaintiff and

14 | Defendants do not consent to assignment to a Magistrate Judge for all purposes.

15 | **14.     OTHER REFERENCES**

16 | The Parties do not agree to binding arbitration, nor do they believe this matter is suitable

17 | for reference to a special master, or the Judicial panel on Multidistrict Litigation.

18 | **15.     NARROWING OF ISSUES**

19 | The Parties agree it is too early in the litigation to determine if the matters at issue in

20 | the lawsuit can be narrowed by agreement.  The Parties agree to work together in good faith as this

21 | case progresses to determine if the issues in the case can be narrowed.

22 | **16.     EXPEDITED SCHEDULE**

23 | The Parties do not believe this matter can be resolved in an expedited schedule.

24 | **17.     SCHEDULE**

25 | At this time, JLT's motion for preliminary injunction is pending.  As a result, the Parties

26 | believe it is too early to propose a scheduling order.  The Parties will propose a scheduling order after

27 | the hearing on JLT's motion for preliminary injunction.  The Parties therefore request the Court defer

28 | issuing a scheduling order until after the hearing on JLT's motion for preliminary injunction.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113.2303
408.998.4150

7.                                    CASE NO. 3:19-cv-02427

JOINT CASE MANAGEMENT CONF. STATEMENT

1     **18.**    **TRIAL**

2         Plaintiff has demanded a jury trial.  The parties anticipate the trial will last

3  approximately 7-10 days.

4     **19.**    **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

5         JLT filed its "Certification of Interested Entities or Persons" pursuant to Civil L.R. 3-

6  16 on May 3, 2019.  (See DKT No. 3.)  Defendants filed their "Certification of Interested Entities or

7  Persons" on August 1, 2019.

8         We hereby attest that we have on file all holographic signatures corresponding to any

9  signatures indicated by a conformed signature (/s/) within this e-filed document.

10   Dated: August 2, 2019             Respectfully submitted,
                                        LITTLER MENDELSON, P.C.

11

12                                        */s/ Benjamin Emmert*
                                          BENJAMIN A. EMMERT

13

14                                      Attorneys for Plaintiff
                                      JLT SPECIALTY INSURANCE SERVICES, INC.

15

16   Dated: August 2, 2019             Respectfully submitted,
                                          HERRICK, FEINSTEIN, LLP

17

18                                        */s/ Patrick Johnson*
                                          SEAN E. O'DONNELL

19                                        PATRICK M JOHNSON
                                        DANIEL A FIELD

20                                      Attorneys for Defendants GARY PESTANA,
                                      SARAH SHERMAN, DUSTIN SMITH, AND

21                                      RAMY MORCOS
                                      Appearances *pro hac vice*

22

23   Dated: August 2, 2019             Respectfully submitted
                                        SV EMPLOYMENT LAW FIRM PC

24

25                                      */s/ Tatyana Shmygol*
                                      STEVEN L. FRIEDLANDER

26                                        TATYANA SHMYGOL

27                                      Attorneys for Defendants GARY PESTANA,
                                      SARAH SHERMAN. DUSTIN SMITH and

28                                      RAMY MORCOS

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113.2303
408.998.4150

8.              CASE NO. 3:19-cv-02427

JOINT CASE MANAGEMENT CONF. STATEMENT